An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JUAN ALFONSO NUNO-VELASCO,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61302

**FILED**

JUN 1 2 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Jerome Polaha, Judge.

On appeal from the denial of his petition filed on July 30, 2008, and his supplemental petition filed on March 4, 2010, appellant argues that the district court erred in denying his claims of ineffective assistance of trial counsel. To prove ineffective assistance of trial counsel sufficient to invalidate a judgment of conviction based on a guilty plea, a petitioner must demonstrate that his counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996). Both components of the inquiry must be shown. *Strickland v. Washington*, 466 U.S. 668, 697 (1984). We give deference to the court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's

13-17247

application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, appellant argues that trial counsel was ineffective for failing to conduct a pretrial investigation into the murder or potential mitigating circumstances until four years after appellant's arrest. Appellant contends that an independent and timely investigation would have shown that he was innocent, that Alvaro "Sleepy" Romero had admitted to the killing, that Roseanna Saldana had material evidence to exonerate him, that he had been coerced into pleading guilty, and that the State lacked jurisdiction to prosecute him for murder. Appellant failed to demonstrate deficiency or prejudice. His assertions as to what an investigation would have uncovered are speculative and conclusory with no factual support. *See Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984). Furthermore, on direct appeal, this court rejected his claims of innocence, coercion, and exculpatory evidence. *Nuno-Velasco v. State*, Docket No. 49574 (Order of Affirmance, May 16, 2008). This court specifically noted that Roseanna Saldana admitted to defense counsel that she was not a percipient witness to the shooting and defense counsel determined that another possible witness was not credible in claiming that Alvaro Romero admitted to the killing. *See id.* Therefore, appellant failed to demonstrate that counsel conducted an inadequate pretrial investigation. As to his assertion that the district court lacked jurisdiction, he fails to make any cogent argument on this point. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987). Thus, the district court did not err in denying this claim.

Second, appellant argues that trial counsel was ineffective for failing to sever his case from that of his cousin's. Appellant contends that

he agreed to plead guilty only because his cousin's mother convinced him that his cousin would be sentenced to death if appellant went to trial. Appellant failed to demonstrate deficiency or prejudice. We note that the record indicates that the district court ordered the trials to be severed prior to the entry of appellant's guilty plea. In any event, appellant failed to demonstrate a reasonable probability that, had the cases been severed, he would not have pleaded guilty and would have proceeded to trial. Thus, the district court did not err in denying this claim.

Third, appellant argues that trial counsel was ineffective for failing to advise appellant of his rights under Article 36 of the Vienna Convention and for failing to notify the Mexican consulate about appellant's prosecution. Appellant contends that because he was a Mexican national, the Mexican consulate would have conducted its own investigation into the charges, filed legal briefs on appellant's behalf, and provided appellant with an explanation of Nevada's legal system and how it differed from Mexico's system. Even assuming that appellant was not advised by the arresting agency or by counsel of his right to contact the Mexican consulate, appellant failed to demonstrate prejudice. Appellant was provided with counsel, investigative services, and an interpreter to assist him during the criminal proceedings, and he provided no evidence as to what further actions the Mexican consulate would have taken. This court has rejected the proposition that a violation of the Vienna Convention requires automatic reversal of a conviction. *Garcia v. State*, 117 Nev. 124, 129, 17 P.3d 994, 997 (2001). Thus, he failed to demonstrate a reasonable probability that, if the consulate had been notified, appellant would not have pleaded guilty and would have insisted on going to trial. Accordingly, the district court did not err in denying this claim.

For the foregoing reasons, we conclude that the district court did not err in denying the petition. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. Jerome Polaha, District Judge
Story Law Group
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk